IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-cr-40117-JPG |
| ) | |
| JEFFRY M. PRESUTTI, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 53).

Presutti pled guilty to an indictment alleging one count of conspiracy to manufacture methamphetamine. At sentencing on March 27, 2015, the Court found by a preponderance of the evidence that Presutti's relevant conduct was 1,668 kilograms of marihuana equivalent, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30. The Court increased his offense level by 6 points under U.S.S.G. § 2D1.1(b)(13)(D) because his drug activities created a substantial risk of harm to a minor and reduced it by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he timely demonstrated acceptance of responsibility for his offense. This established a total offense level of 33 which, considering Presutti's criminal history category of II, yielded a sentencing range of 151 to 188 months. The Court imposed a sentence of 151 months. Presutti now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant the defendant's reduction request because he cannot satisfy the first criterion. The defendants was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts. However, the defendant's March 27, 2015, sentence was calculated using Amendment 782 and already reflects the reductions implemented by that guideline amendment. Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant his reduction request. *See Taylor*, 778 F.3d at 762. The Court therefore **DENIES** his motion (Doc. 53).

**IT IS SO ORDERED.**
**DATED:   June 3, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **UNITED STATES DISTRICT JUDGE**